**IMG-259** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3655
_____

ZI HE LIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-009-226)
Immigration Judge: Susan G. Roy

_____

Submitted Under Third Circuit LAR 34.1(a)
July 14, 2010
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  July 22, 2010)
_____

OPINION
_____

PER CURIAM

Zi He Lin petitions for review of a final order of the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's ("IJ's") denial of asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").  We

will deny the petition for review.

I.

Zi He Lin, a native and citizen of the People's Republic of China, entered the United States in 2007 and was placed in removal proceedings for being an alien present without being admitted or paroled. Lin applied for asylum, withholding of removal, and CAT protection, claiming that he had been persecuted for resisting China's family planning policy. Lin also stated in his asylum application that he feared both "further persecution on account of the family planning policy" and being fined, jailed, and tortured for his illegal departure if he returned to China.

During the hearing on his application, Lin testified that his wife was forced to have an intrauterine device implanted after the birth of their first child. In 2005, she had the device removed and shortly thereafter became pregnant. To protect the pregnancy, Lin and his wife went into hiding at her parents' home. The authorities came looking for the couple some time after the birth of their second child, so Lin decided to leave China. He left in April 2007, about two years after he claimed he went into hiding. After he left, Lin's wife was sterilized and she was fined for the birth of the second child.

The IJ made mixed findings about Lin's credibility. While she found that Lin presented credible testimony about his wife's sterilization[1], the IJ did not believe Lin's

_____

[1] The IJ concluded that there was no evidence in the record showing that the sterilization was involuntary.

2

testimony about hiding from authorities. The IJ based this adverse credibility finding on an inconsistency between Lin's testimony and a letter from his mother-in-law, as well as the implausibility of Lin's testimony that he went to the police station to renew his government identification card while in hiding because he had not broken any laws, despite having the second child in violation of the family planning policy.

Denying relief, the IJ concluded that Lin could not establish that he is entitled to asylum merely because he is the spouse of someone who has been forcibly sterilized. See Matter of J-S-, 24 I. & N. Dec. 520 (A.G. 2008). The IJ also determined that Lin could not establish an independent basis for asylum by claiming that his hiding constituted "other resistance" to the coercive family planning policy. The IJ concluded that, even if Lin's testimony were to be believed, mere hiding could not be deemed "other resistance," particularly where the applicant did not suffer any persecution himself as a result of hiding. As for the fine levied for the birth of the second child – which Lin testified he paid – the IJ found no evidence suggesting that the amount was egregious enough to make it rise to the level of economic persecution. Finally, the IJ concluded that Lin could not establish a well-founded fear of future persecution because his wife had already been sanctioned for violating the family planning policy and there was no evidence that he left China illegally, or that authorities were still seeking him. The BIA dismissed Lin's appeal, affirming the IJ's credibility findings and conclusion that Lin had not shown that he was entitled to relief. Lin filed a timely petition for review.

3

II.

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review final orders of removal. In this case, the BIA affirmed the decision of the IJ and discussed some of the bases for the IJ's decision, so we therefore review the decisions of both the IJ and BIA. See Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). In doing so, we review factual findings for substantial evidence and may not disturb them "'unless any reasonable adjudicator would be compelled to conclude to the contrary.'" Sandie v. Att'y Gen., 562 F.3d 246, 251 (3d Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)(B)). We exercise plenary review over conclusions of law, subject to the established principles of deference accorded agency decision-making. See Sioe Tjen Wong v. Att'y Gen., 539 F.3d 225, 231 (3d Cir. 2008).

Under the Immigration and Nationality Act ("INA"), an applicant may demonstrate eligibility for asylum by showing either past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). The INA further states that "a person who has been forced to abort a pregnancy or to undergo involuntary sterilization . . . shall be deemed to have been persecuted on account of political opinion." 8 U.S.C. § 1101(a)(42)(B). We recently held, however, that there is no automatic refugee status for spouses of individuals subjected to coercive population control policies. Lin-Zheng v. Att'y Gen., 557 F.3d 147, 157 (3d Cir. 2009) (en banc). Thus, the IJ and the BIA

4

properly held that Lin was not entitled to asylum based on his wife's sterilization.

But spouses remain eligible for relief if they can establish that they personally were persecuted for resisting a coercive family planning policy, or that they have a well-founded fear of future persecution for that resistance. See 8 U.S.C. § 1101(a)(42). In his brief, Lin states that his claim for past persecution is based on the fine for the second child and "severe emotional harm" caused by the loss of "his natural right to have more children." Pet. Brief at 17. Although the IJ discussed and rejected the fine as a basis for demonstrating past persecution, Lin did not present this aspect of his claim to the BIA in either his notice of appeal or his brief. By thus failing to exhaust his administrative remedies, he has failed to preserve his right to judicial review of the claim. See 8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).

Turning to the second aspect of the past persecution claim, Lin testified only that he wanted to have more children and that he "felt very sorry for my wife and sorry about letting her go through such a [sic] suffering." Administrative Record at 43. "[U]nder the right set of circumstances, a finding of past persecution might rest on a showing of psychological harm." Makhoul v. Ashcroft, 387 F.3d 75, 80 (1st Cir. 2004). But Lin's claim is based solely on distress about the lost opportunity for more children and, as such, it is in essence a claim of persecution on account of his wife's sterilization, which is no longer a cognizable basis for asylum. See Lin-Zeng, 557 F.3d at 156. Even assuming that a spouse's emotional suffering caused by a forced abortion or sterilization remains a

5

cognizable basis for asylum, we conclude that Lin's spare testimony about wanting more children and feeling sorry for his wife does not establish that he suffered psychological harm rising to the level of persecution.

Lin also challenges the IJ's adverse credibility finding regarding his testimony about hiding from authorities during and after his wife's second pregnancy. Because Lin has not presented to us the only claim that the adverse credibility finding has any bearing upon[2] – i.e., whether hiding constituted "other resistance" to the coercive family planning policy – we conclude that review of that finding is not necessary to a disposition of Lin's petition.

Accordingly, we will deny the petition for review.

---

[2] An issue is waived when not presented in accordance with the requirements of Rule 28(a) of the Federal Rules of Appellate Procedure. See Ghana v. Holland, 226 F.3d 175, 180 (3d Cir. 2000).